IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTO J. BENAVIDEZ,

    Plaintiff,

vs.                                          No. CV 17-00471 LH/KBM

STATE OF NEW MEXICO DISTRICT
ATTORNEY BRIANNE BIGEJ,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed April 19, 2017 by Plaintiff Ernesto J. Benavidez. (Doc. 1) ("Complaint"). Also before the Court is the Motion for Joinder Claim(s) filed by Benavidez on June 19, 2017. (Doc. 9). The Court concludes that the Complaint fails to state a claim on which relief can be granted and dismisses Plaintiff's claims. The Court also denies the Motion for Joinder of Claim(s) as moot in light of dismissal of the Complaint.

Plaintiff Benavidez is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935

F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Plaintiff Benavidez asserts claims under 42 U.S.C. § 1983 against the State of New Mexico District Attorney Brianne Bigej. (Doc. 1). Benavidez claims that Defendant Bigej violated his constitutional rights by wrongfully prosecuting and incarcerating him in two New Mexico State criminal proceedings. (Doc. 1 at 2). Benavidez contends that, because he was acquitted in one proceeding and the charges were dismissed in the other proceeding, Defendant Bigej subjected him to false imprisonment and unlawful incarceration. (Doc. 1 at 2-3). Benavidez states the factual basis for his claims against Defendant Bigej as follows:

> "For allowing false charges to be procured in and at indictment and Grand Jury involving one case, and for the pretrial over encarceration (sic) time, unlawful confinement and false imprisonment."

(Doc. 1 at 3). Benavidez seeks compensatory and punitive damages for each day "of being false imprisoned and unlawfully confined." (Doc. 1 at 5).

Benavidez's Complaint fails to state a claim for relief. The only claims asserted in this case are against District Attorney Brianne Bigej in her capacity as a criminal prosecutor. (Doc. 1 at 1-3). Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized

prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Benavidez seeks to hold Bigej liable for damages for her actions as prosecutor in two State criminal proceedings. All claims against District Attorney Bigej for actions taken in connection with prosecution of Benavidez are barred by prosecutorial immunity. *Burns v. Reed,* 500 U.S. at 485. The Court will dismiss the Prisoner Civil Rights Complaint for failure to state any claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6). *Imbler*, 424 U.S. at 430; *Twombly*, 550 U.S. at 555; *Neitzke,* 490 U.S. at 327.

The Court also declines to grant Benavidez leave to amend his Complaint because the Court determines that any amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Because Benavidez seeks to impose liability against a prosecutor, any amendment would still be subject to immediate dismissal on the grounds of prosecutorial immunity. *Burns v. Reed,* 500 U.S. at 485.

Because the Court concludes that Benavidez's Complaint fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him as provided in the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). The Court reminds Benavidez that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Wherefore,

**IT IS ORDERED** that the Motion for Joinder Claim(s) filed by Plaintiff Ernesto J. Benavidez on June 19, 2017 (Doc. 9) is **DENIED** as moot, the Prisoner's Civil Rights Complaint filed by Plaintiff, Ernesto J. Benavidez on April 19, 2017 (Doc. 1) is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), and the Court imposes a **STRIKE** against Benavidez under 28 U.S.C. § 1915(g).

_____
SENIOR UNITED STATES DISTRICT JUDGE